UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, *et al.*,<br><br>    Defendants. | Case No. 2:24-cv-01596-TLN-JDP (PC)<br><br>**ORDER**<br><br>SCREENING PLAINTIFF'S COMPLAINT AND GRANTING HIS APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF Nos. 1 & 2 |

    Plaintiff Benjamin Gallegos is a state inmate proceeding pro se in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff brings claims against Ma Jian, McCune, CDCR, and California Correctional Health Care Services for deleting his medical history and accommodations from his medical chart. The claims, as articulated, are not sufficient to proceed past screening. I will grant plaintiff the opportunity to file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, which makes the required showing.

**Screening and Pleading Requirements**

    A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2    claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4         A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13   n.2 (9th Cir. 2006) (en banc) (citations omitted).
14        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).
21                                    **Discussion**
22        The complaint alleges that around July 13, 2022, plaintiff was in a mental health crisis bed
23   when defendant Jian, who ordinarily does not provide care to patients in crisis beds, deleted
24   plaintiff's medical accommodations and history from his chart. ECF No. 1 at 7.  According to the
25   complaint, defendant McCune did not add back plaintiff's medical history.  This left plaintiff
26   despondent, knowing that he would not be provided with certain medical accommodations.  In an
27   emotional state, plaintiff found a piece of glass in his feces and began to cut himself.  He only
28   stopped when correctional officers pepper strayed him.  Plaintiff refused thereafter to be

1 decontaminated.  He sat in his own excrement without intervention for 24 hours.  *Id.* at 8.
2 Plaintiff filed grievances about the incident and, while CDCR found no intervention necessary, he
3 was provided with a new doctor, and his medical notes have since been re-entered into the
4 computer and his medical accommodations restored.  *Id.* at 9.

       Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin*, 974 F.2d at 1059.

       A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.* (citing *Estelle*, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  *Id.*  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)

       The factual allegation against defendants Jian and McCune are that Jian deleted plaintiff's patient history—which was later restored—and that McCune did not restore plaintiff's history immediately.  The complaint contains no allegations that Jian or McCune knew that their actions would cause plaintiff to harm himself.  Therefore, the complaint fails to state a claim against either defendant.

       As for CDCR, it is immune from suit under the Eleventh Amendment.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that the Eleventh Amendment bars § 1983 suits against a State unless the state has waived its sovereign immunity); *Lucas v.*

*Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that the prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity).  And there is no respondeat superior liability in a § 1983 action.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Therefore, CDCR and California Correctional Health Care Services cannot be held liable based on the fact that it employs the alleged wrongdoers.

      Plaintiff may file an amended complaint.  He is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

      Accordingly, it is ORDERED that:

      1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

      2. Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will recommend this action be dismissed for failure to state a claim.

      3. The Clerk of Court is directed to send plaintiff a complaint form.

      4. Failure to comply with this order may result in a recommendation of dismissal.

IT IS SO ORDERED.

Dated:   July 26, 2024                                                  

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE