1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BENJAMIN ROBERT GALLEGOS,          Case No.  2:24-cv-1596-TLN-JDP (P)

12              Plaintiff,

13        v.                            ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, *et al.*,

16              Defendants.

17

18

19        Plaintiff Benjamin Gallegos is a state inmate proceeding pro se in this civil rights action

20   brought under 42 U.S.C. § 1983.  Plaintiff brings claims against Ma Jian for deleting his medical

21   history and accommodations from his medical chart.  The claims, as articulated, are not sufficient

22   to proceed past screening.  I will grant plaintiff the opportunity to file an amended complaint.[1]

23                    **Screening and Pleading Requirements**

24        A federal court must screen a prisoner's complaint that seeks relief against a governmental

25   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

26

27        ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
            [1] Plaintiff has filed a motion asking this court to order CDCR produce evidence.  ECF No.
28   14.  As CDCR is not a party and the court has not found the complaint states a cognizable claim,
     this motion is denied.

1

1 claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

2 claim upon which relief may be granted, or seeks monetary relief from a defendant who is

3 immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

4       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

5 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

6 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

7 require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

8 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

9 possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

10 identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

11 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

12 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

13 n.2 (9th Cir. 2006) (en banc) (citations omitted).

14       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

15 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

17 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

19 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

20 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21 **Discussion**

22       The complaint alleges that defendant Jian deleted plaintiff's medical history from his

23 chart, necessitating the removal of plaintiff's durable medical equipment.  ECF No. 12 at 4.

24 Plaintiff alleges that Jian's actions amount to medical malpractice.  *Id.* at 5.

25       Deliberate indifference to a prisoner's serious medical needs violates the Eighth

26 Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*, 429

27 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part*

28 *on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en

1    banc).  A determination of "deliberate indifference" involves an examination of two elements: the

2    seriousness of the prisoner's medical need and the nature of the defendant's response.  *See*

3    *McGuckin*, 974 F.2d at 1059.

4          A "serious" medical need exists if the failure to treat a prisoner's condition could result in

5    further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*,

6    429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a

7    substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

8    it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of

9    facts from which the inference could be drawn that a substantial risk of serious harm exists," but

10   he "must also draw the inference." *Id.*  If a prison official should have been aware of the risk, but

11   was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.

12   *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)

13         As I explained in my previous order, the allegations do not rise to the level of deliberate

14   indifference.  At most, plaintiff alleges a medical malpractice claim.  But that claim cannot be

15   brought under the guise of a constitutional claim.  "Mere indifference, negligence, or medical

16   malpractice" will not support a claim of deliberate indifference.  *Lemire v. Cal. Dep't of Corr. &*

17   *Rehab.*, 726 F.3d 1062, 1082 (9th Cir. 2013) (citation and internal quotation marks omitted).

18         Plaintiff may file an amended complaint.  He is advised that the amended complaint will

19   supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir.

20   2012) (en banc).  This means that the amended complaint will need to be complete on its face

21   without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended

22   complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended

23   complaint, as in an original complaint, plaintiff will need to assert each claim and allege each

24   defendant's involvement in sufficient detail.  The amended complaint should be titled "Second

25   Amended Complaint" and refer to the appropriate case number.

26         Accordingly, it is ORDERED that:

27         1. Plaintiff's motion for a court to order CDCR to produce evidence, ECF No. 14, is

28   denied.

2.  Plaintiff's first amended complaint, ECF No. 12, is dismissed with leave to amend.

3.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:    November 27, 2024    _____
                                JEREMY D. PETERSON
                                UNITED STATES MAGISTRATE JUDGE

4