UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR, *et al.*,<br><br>　　　　Defendants. | Case No.  2:24-cv-1596-TLN-JDP (P)<br><br>ORDER |

Plaintiff, a state prisoner, brings this action against the California Department of Corrections and Rehabilitation ("CDCR"), "Health Care Services," and two medical providers, listed as Jian and McCune. ECF No. 16 at 2. After review of the amended complaint, I find that, for screening purposes, plaintiff has stated cognizable Eighth Amendment failure to provide adequate medical care claims against defendants Jian and McCune. The complaint fails, however, to state a cognizable claim against either CDCR or Health Care Services. Plaintiff shall indicate whether he desires to proceed only with his claims against Jian and McCune, or whether he wishes instead to delay serving any defendant and to file another amended complaint.

**I.    Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that defendants Jian violated his Eighth Amendment rights by removing his prescriptions for durable medical equipment, including a back brace and knee braces. ECF No. 16 at 5. He claims that Jian did so with the knowledge that he still required this equipment and with the intent to cause him pain. *Id.* These allegations, construed liberally, are sufficient to state a viable Eighth Amendment claim against this defendant. Plaintiff also appears to allege that Jian was motivated, at least in part, by a desire to retaliate against him for submitting grievances. *Id.* at 4. This allegation is too threadbare to state a viable First Amendment claim, however. Plaintiff does not provide any factual context, such as the content of the grievance,

2

1  when it was filed, or how he knew that Jian's actions were undertaken in retaliation for the filing
2  of that grievance or grievances.
3   Plaintiff has also stated a viable Eighth Amendment claim against defendant McCune. He
4  claims that this defendant was made aware, by way of plaintiff's grievances, of Jian's deliberate
5  indifference, but took no corrective action. *Id.* at 6. On the contrary, plaintiff alleges that she
6  "covered up" for Jian. *Id.*
7   Plaintiff has failed to state a viable claim against either CDCR itself or "Health Care
8  Services." CDCR is a state agency and, thus, immune to suit for money damages under the
9  Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)
10  ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is
11  named as the defendant is proscribed by the Eleventh Amendment."). And there is no viable
12  claim against Health Care Services because, to the extent this is a private corporation and not a
13  subpart of CDCR itself, plaintiff has failed to identify any policy or practice that contributed to
14  the violation of his rights. *See Nash v. Lewis*, No. 04-6291-PA, 2007 U.S. Dist. LEXIS 50120, *4
15  (D. Or. July 6, 2007) ("[A] private corporation will be liable under section 1983 only when an
16  official policy or custom of the corporation causes the deprivation of constitutional rights.").
17   Accordingly, it is ORDERED that:
18   1.  Within thirty days, plaintiff may confirm his intent to proceed only with the Eighth
19  Amendment claims against Jian and McCune or, within that same time, file another amended
20  complaint with the understanding that doing so will delay service of any defendant.
21   2.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this
22  order.
23
24  IT IS SO ORDERED.
25
26  Dated:   April 16, 2025
        JEREMY D. PETERSON
27      UNITED STATES MAGISTRATE JUDGE
28

3