UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN ROBERT GALLEGOS,

Plaintiff,

v.

MA JIAN, *et al.*,

Defendants.

Case No.  2:24-cv-1596-TLN-JDP (P)

ORDER

Plaintiff, a pro se prisoner, brings this case against defendants, alleging a failure to provide adequate medical care in violation of the Eighth Amendment.  ECF No. 16.  Plaintiff now moves this court to issue sanctions against defendants.  ECF No. 35.  Defendants oppose.  ECF No. 37.  After review of the briefs, plaintiff's motion is denied.

**Background**

Plaintiff filed his second amended complaint on December 19, 2024.  ECF No. 16.  After screening, the court allowed plaintiff to proceed on his Eighth Amendment claim against defendants Jian and McCune, both on the medical staff at his prison.  ECF No. 19.

On July 18, 2025, the court referred the case to Post-Screening Early ADR (Alternative Dispute Resolution) and issued a stay for 120 days to allow the parties to consider settlement of the case.  ECF No. 25.  The court also ordered defendants, within forty-five days, either to file a

1

motion to opt out of ADR or to contact the undersigned's courtroom deputy to schedule a settlement conference. *Id.* On August 25, 2025, the court granted defendants' request for an extension of time to file a motion to opt out of ADR. ECF No. 28.

On November 4, 2025, the court issued an order to show cause why sanctions should not be imposed for failure to respond to the court's July 18 order. ECF No. 30. On November 7, 2025, defendants filed a response, ECF No. 32, indicating that their failure to respond resulted from a clerical error; they simultaneously filed a motion to opt out of ADR. ECF No. 33. The court granted this motion on November 26, 2025, and discharged the order to show cause. ECF No. 36.

Plaintiff now moves for sanctions under Rule 11, arguing that defendants failed to comply with the order instructing them to file a responsive pleading within forty-five days of the district court's July 18, 2025, order, thus forcing plaintiff to participate in a telephonic interview. ECF No. 35 at 1-2. Plaintiff contends that defense counsel forced him to participate in this interview to "save face" for failing to timely respond to the court's prior order, seeking to manufacture a "false narrative" to present to the court. *Id.* Defendants argue that sanctions are inappropriate because plaintiff has not provided evidence showing that defense counsel's interview was unethical, unprofessional, or conducted in bad faith, or that any part of his declaration is false. ECF No. 37.

**Analysis**

Rule 11 of the Federal Rules of Civil Procedure provides that a party may be sanctioned for presenting pleadings "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," raising frivolous arguments, claims or defenses, making factual contentions with no evidentiary support, or inappropriately denying factual contentions. Fed. R. Civ. P. 11(b), (c). Motions for sanctions under Rule 11 "must describe the specific conduct that allegedly violates Rule 11(b)," and must be served on the opposing party at least twenty-one days before filing the motion with the court. Fed. R. Civ. P. 11(c)(2).

Plaintiff's motion fails to demonstrate why sanctions are appropriate. First, plaintiff takes issue with defendants' lack of filing a responsive pleading, which is not a sanctionable offense

listed in Rule 11(b).  *See generally* Fed. R. Civ. P. 11(b).  Moreover, plaintiff does not specify what conduct plaintiff considered violative of Rule 11(b).  *See generally* Fed. R. Civ. P. 11(c). Plaintiff is correct that defendants initially missed the deadline to opt out of ADR, however, upon a showing of good cause, the court discharged its order to show cause and granted defendants' motion.  ECF No. 36.

Second, plaintiff's contention that sanctions are warranted due to defendants' actions in requiring plaintiff to participate in a telephonic interview is likewise not sanctionable under Rule 11.  While it is possible that an attempt to mislead the court or to create a "false narrative" as plaintiff suggests might potentially be grounds for sanctions under section (b)(3), plaintiff has not offered any evidence of this or identified any false narrative.  As such, plaintiff's request is insufficient for the imposition of sanctions.

Accordingly, plaintiff's motion for sanctions, ECF No. 35, is DENIED.

IT IS SO ORDERED.

Dated:    January 20, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3